```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
  WARREN FOSTER,                    :
                                    :
                   Petitioner,      :
                                    :     04 Civ. 7990 (BSJ)(JCF)
              v.                    :
                                    :           Order
  DAVID MILLER, Superintendent      :
   Eastern Correctional Facility,   :
                                    :
                   Respondent.      :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner Warren Foster to the Report and Recommendation ("R&R") of Magistrate Judge James C. Francis recommending that Foster's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied. For the following reasons, the Court adopts the R&R, Foster's objections are overruled, and his Habeas Petition is DENIED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On September 4, 1996, Foster stole over $400.00 from Benny Brown, a co-tenant of the apartment building in which Foster resided. Brown had been holding the money for a third tenant, Annie Stewart. During the course of the robbery Foster punched Brown twice in the face, causing him to suffer lacerations, swelling, and headaches. Brown did not seek medical treatment because he could not afford it.

At the time of the crime, Foster was on parole. During a regular visit to Foster's residence, his parole officer, Thomas Stanford, learned of the robbery from Brown and Stewart. Stanford contacted the police who then arrested Foster.

After a jury trial, Foster was convicted of Robbery in the Second Degree and was sentenced as a persistent felony offender to a term of imprisonment of sixteen years to life. The Court presumes familiarity with the lengthy procedural history of this case in State Court, none of which is relevant to the instant proceedings. (See R&R 4-8.) Foster timely filed the instant Habeas Petition after exhausting all of his state remedies with respect to each of the claims raised.

## II. DISCUSSION

### a. Standard of Review

This Court reviews de novo any portions of a Magistrate Judge's report and recommendation that are objected to. 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which a party has not specifically objected will be adopted by the Court as long as those sections are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, (1985); Greene v. WCI Holdings Corp., et al, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

However, "[w]here only general objections are filed, the party does not preserve de novo review, and the Court reviews

for clear error." Pilgrim v. Luther, No. 01 Civ. 8995, 2007 U.S. Dist. LEXIS 7410, at *7 (S.D.N.Y. Jan. 24, 2007) (citing Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Stubbs v. de Simone, No. 04 Civ. 5755, 2005 U.S. Dist. LEXIS 22236, at *1 (S.D.N.Y. Sept. 30, 2005)); see also, Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to relitigate [its position] by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  Parties filing objections to recommendations are required to "'pinpoint' specific portions of the report and recommendations to which [they have] objected . . . ."  Camardo, 806 F. Supp. at 382.

**b. Objections Raised**

The Court has discerned four specific objections raised by Foster to the Magistrate Judge's R&R.  Foster complains:  (1) that Magistrate Judge Francis "completely [overlooked] a clear constitutional violation when the prosecution made comments on the failure of the defendant to testify;" (2) that Magistrate Judge Francis "fail[ed] to assess the double standards under which petitioner feels the Criminal Justice System administers;" (3) that "the magistrate's conclusions are biased and slanted in

favor of the people regardless of evidence to the contrary;" and (4) that his rights were violated because the prosecutor had been asked to resign at some point after his trial. (Obj. 1.)

**c. Objection to the Prosecutor's Comments**

Foster argues that "the magistrate completely [overlooked] a clear constitutional violation when the prosecution comments on the failure of the defendant to testify," and that "the magistrate has even said that the prosecutor made some ill advised statements and was over zealous in his summation . . . ." (Obj. 1.) In advancing this argument, Foster merely rehashes the argument made in his original petition that "[t]he prosecutor's summation denied Petitioner of his Constitutional right to a fair trial." (Habeas Pet. 2.)

Since Foster is "seeking federal habeas, he must show that the prosecutor's remarks offended constitutional standards . . . ." Mancini v. Dufrain, No. 97 Civ 2556, 2000 U.S. Dist. LEXIS 20040, at *21 (S.D.N.Y. 2000). Additionally, "[w]e normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions . . . ." Greer v. Miller, 483 U.S. 756, 767 (1987) (citing Richardson v. Marsh, 481 U.S. 200, 208 (1987)); see also Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994).

Although "[s]ome of the prosecutor's comments were plainly ill-advised," (R&R 21), they did not rise to the level of a constitutional violation, particularly in light of the instructions from the trial judge.  The prosecutor claimed defense counsel was attempting to distract the jury with irrelevant information, asked the jurors "why do we know that this defendant is a good robber?" and then described the defense counsel's trial tactics as:

> taking a paint brush, splattering the paint on the wall and [hoping] that it actually covers the wall . . . . It covers up the truth.

(Habeas Pet. App. A 33-34.)  The prosecutor also made the following statements:

> Was this ketchup [the victim] was putting on his mouth to somehow simulate blood?  Of course not.  It's preposterous, it's absurd, and it's insulting.
> . . . .
> [W]hat the Defense told you that the evidence would show is a misrepresentation of what the evidence really showed.

(Habeas Pet. App. A 33-35.)  After each of these statements defense counsel objected.  In nearly every case, the trial judge sustained the objection, struck the offending phrase from the record, and instructed the jury to disregard the statements. (Habeas Pet. App. A 33-34.)

Foster argues that the prosecutor's inappropriate remarks were incurable and thus rose to the level of a constitutional error. (Habeas Pet. App. A 28.) Magistrate Judge Francis found that the curative instructions offered by the trial judge were "sufficient to mitigate any prejudice." (R&R 22.) This Court agrees.

Curative instructions have been found to be sufficiently corrective in cases similar to the one at bar. See, e.g., Smith v. Greiner, No. 99-CV-5230, 2003 U.S. Dist. LEXIS 26364, at *17 (E.D.N.Y. 2003) (strongly worded curative instruction was sufficient to cure prosecutor's inappropriate statement in closing); Mancini, 2000 U.S. Dist. LEXIS 20040, at *22 ("[T]he prosecutor's comments during his closing argument did not amount to constitutional error, especially in light of the trial court's curative instruction . . . ."); Campbell v. Brunelle, No. 96-CV-4294 1998 U.S. Dist. LEXIS 23153, at *9 (E.D.N.Y. 1998) (The "summation comments did not so infect the trial with unfairness as to constitute a [constitutional violation] . . . . The trial judge took appropriate curative action by . . . instructing the jury to ignore [the comments], and charging the jury that it was the sole judge of the facts.").

The Court finds that the curative instructions issued by the trial judge in this case were sufficient to overcome any prejudice caused by the prosecutor's comments, and that the jury

-6-

was capable of following such curative instructions. Accordingly, Foster's objection is overruled.

### d. Objections Regarding "Double Standard," Magistrate Bias, and Prosecutor's Resignation

The Court finds that Foster's three remaining objections do not warrant de novo review.  These objections -- the objections regarding the "double standard" of the criminal justice system, the bias of Magistrate Judge Francis, and the resignation of the prosecutor -- are overly general, conclusive, and speculative, and they merely rehash the same arguments Foster made in his Petition.  See Pilgrim, 2007 U.S. Dist. LEXIS at *7 ("Where only general objections are filed, the party does not preserve de novo review, and the Court reviews for clear error."); Camardo, 806 F. Supp. at 382 (concluding that the Court need not consider "[f]rivolous, conclusive or general objections" which merely rehash "the same arguments and positions taken in original pleadings").

Upon review, the Court is satisfied that there is no clear error on the face of the record.  Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  Accordingly, Foster's remaining objections are overruled.

### III. CONCLUSION

For the aforementioned reasons, the Habeas Petition is DENIED.  Because Foster has not made a substantial showing of

the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:  New York, New York
        June 26, 2007